UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DARRELL KIND,

Plaintiff,

v.

SHERIFF FRANK, SGT. HEINEN, DAN LUKE, SGT. ALHGREN, SGT. WANIKE, SGT. DEAL, SHARON (Doe), and JOHN DOE 1-10,

Defendants.

Civil No. 00-1843 (ADM/FLN)

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate, has filed a complaint seeking relief for alleged violations of his federal constitutional rights.[1] The matter is now before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted as to Defendants Sgt. Deal and Sharon (Doe). It will therefore be recommended that the action be dismissed as to those two Defendants.

## I. BACKGROUND

Plaintiff was incarcerated at the Washington County jail, as a federal pre-trial detainee, between March 20, 1998, and August 13, 1998. In his current complaint, Plaintiff alleges that Defendants -- the Washington County Sheriff and various Sheriff's Department employees

[1] Plaintiff has filed two pleadings in this case -- a "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983," submitted on the form prescribed for prisoner civil rights actions filed in this District, (Docket No. 1), and a self-styled pleading entitled "Complaint Pursuant To Title 28 U.S.C. § 1331," (Docket No. 2). For present purposes, the Court considers both of these pleadings, taken together, to be Plaintiff's complaint.

FILED AUG 1 0 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

– violated his federal constitutional rights. He claims that Defendants (a) violated his First Amendment rights by refusing to give him meals that complied with the dietary restrictions of his religion, (b) interfered with his constitutional right of access to the courts by improperly seizing and detaining his "legal mail," and (c) lost certain items of his personal property. He is seeking compensatory and punitive damages, and a declaratory judgment.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from various governmental employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). Here, the action must be dismissed as to Defendants Sgt. Deal and Sharon (Doe), because Plaintiff's complaint fails to state any actionable claim against either of them.

### A. Defendant Deal

The complaint fails to state an actionable claim against Defendant Sgt. Deal, because it does not describe anything that he allegedly did that could have violated Plaintiff's constitutional rights. Although Deal is identified in an introductory paragraph as a "Classification Sergeant at the Washington County Jail," the substantive allegations of

Plaintiff's complaint do not even mention Deal. There certainly are no factual allegations describing anything that Deal allegedly did or failed to do that could be viewed as a violation of Plaintiff's federal constitutional rights. The action must therefore be dismissed as to this Defendant.

B. Defendant Sharon (Doe)

Defendant Sharon (Doe) is identified as a "Property Clerk at the Washington County Jail."[2] Plaintiff alleges that this Defendant, and two other named Defendants (Sheriff Frank and Sgt. Heinen), were responsible for "maintain[ing] proper care" of Plaintiff's personal property while he was being held in the Washington County jail. Plaintiff claims that Sharon (Doe) violated his constitutional rights by negligently failing to protect his personal property against loss, theft or destruction while he was incarcerated in the Washington County Jail.

The Court finds that Plaintiff's claim based on his lost personal property is legally insufficient for two reasons. First, Plaintiff has alleged only that Defendants failed to take proper care of his property – i.e., that they were negligent. It is well-settled, however, that a claim brought under 42 U.S.C. § 1983 for an alleged violation of a plaintiff's constitutional rights cannot be based on mere negligence. See Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986). Furthermore, even if Plaintiff had alleged that Defendants intentionally lost, stole or destroyed his property, he still would have failed to state an actionable § 1983 claim, because he has not alleged that there were no post-deprivation remedies available to him. See Hudson v. Palmer, 468 U.S. 517,

---

[2] Plaintiff apparently does not know the true last name of this Defendant, and therefore refers to her as "Sharon (Doe)."

533 (1984) (the "unauthorized intentional deprivation" of a prisoner's property by a prison official "does not constitute a violation of the procedural requirements of the Due Process Clause... if a meaningful post-deprivation remedy for the loss is available").

Plaintiff's "lost property" claim is the only claim he has attempted to bring against Defendant Sharon (Doe). Because that claim is not legally cognizable, it will be recommended that the action be dismissed as to her.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state a claim on which relief can be granted as to either Defendant Sgt. Deal or Defendant Sharon (Doe). It is therefore recommended that the action be dismissed as to these two Defendants pursuant to 28 U.S.C. § 1915A. The Court will defer any ruling on the adequacy of Plaintiff's allegations against the five remaining Defendants, (namely Sheriff Frank, Sgt. Heinen, Dan Luke, Sgt. Alhgren, and Sgt. Wanike), and Plaintiff will therefore be allowed to pursue his claims against those Defendants for now.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants SGT. DEAL and SHARON (DOE) be dismissed pursuant to 28 U.S.C. § 1915A(b); and

2. Plaintiff's claims against Defendants Sheriff Frank, Sgt. Heinen, Dan Luke, Sgt. Alhgren, and Sgt. Wanike, be allowed to proceed at this time, without prejudice to any defenses that such Defendants may later seek to raise.

Dated: August 9, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 8-25-00, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.