UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darrell Kind,

Plaintiff,

v.

Sheriff Frank, Sgt. Heinen,
Dan Luke, Sgt. Alhgren,
Sgt. Wanike, Sgt. Deal,
Sharon (Doe), and John Doe 1-20,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1843 ADM/FLN

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Defendant's Objection [Doc. No. 7] to the August 9, 2000 Report and Recommendation ("R&R") of United States Magistrate Judge Franklin L. Noel [Doc. No. 5]. The R&R recommends that Plaintiff's cause of action against Defendants Sgt. Deal and Sharon (Doe) be dismissed pursuant to 28 U.S.C. § 1915A(b) and that Plaintiff be allowed to proceed at this time with his claims against Defendants Sheriff Frank, Sgt. Heinen, Dan Luke, Sgt. Alhgren and Sgt. Wanike. For the reasons set forth below, the R&R is adopted in its entirety.

## II. BACKGROUND

Plaintiff was incarcerated as a pre-trial detainee in the Washington County jail from March 20, 1998 to August 13, 1998. He alleges that Defendants violated his constitutional rights. Specifically, Plaintiff claims Defendants violated his First Amendment rights by refusing to provide meals in accordance with the dietary restrictions imposed by his religion. He further claims Defendants seized and detained his "legal mail," thereby denying him access to the courts.

FILED SEP 2 8 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Finally, Plaintiff claims Defendants negligently failed to protect his personal property against loss. Plaintiff is seeking compensatory and punitive damages and a declaratory judgment.

## III. DISCUSSION

### A. Standard of Review

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See §28 U.S.C. 636(b)(1)(C) and 72.1(c)(2). Plaintiff is seeking redress from several government officials. In such a case, the pleadings must be screened to determine which aspects are actionable and which actions should be dismissed because the suit "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. 1915A(b)(1).

### B. Defendant Sergeant Deal

Plaintiff argues Defendant Sergeant Deal conspired to harass Plaintiff by placing him in Administrative Separation because of his race, thereby depriving him access to the jail's programs, recreation yard and law library. However, Plaintiff's complaint presents no specific factual allegations against Sergeant Deal. Beyond merely naming Sergeant Deal as a Defendant in the complaint, Plaintiff fails to allege any acts by Sergeant Deal caused Plaintiff's injuries. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (dismissing complaint that contained the defendant's name in the caption but alleged no specific act or conduct on the part of the defendant). Although Plaintiff sets forth generalized discrimination and harassment allegations in his objection to the R&R, Plaintiff remains unable to identify specific conduct by Sergeant Deal that would support a claim. Plaintiff's claims against Sergeant Deal must be dismissed.

**C. Defendant Sharon (Doe)**

Plaintiff claims Sharon (Doe) participated in racial and religious discrimination against him by taking and destroying his property and then attempting to conceal the destruction. This handling of Plaintiff's property was either negligent or purposeful.

Plaintiff argues Sharon (Doe) was negligent in maintaining proper care and the integrity of Plaintiff's property. However, the Supreme Court has held that a § 1983 claim of deprivation of due process is "not implicated by a negligent act of an official causing unintended loss of or injury to...property." Daniels v. Williams, 474 U.S. 327, 328 (1986). Therefore, Sharon (Doe's) alleged negligence in handling Plaintiff's property does not give rise to liability under § 1983.

Alternatively, Plaintiff claims Sharon (Doe) purposefully and intentionally lost his property. However, even if Sharon (Doe's) loss of Plaintiff's property was intentional, Plaintiff's claim is legally insufficient because post-deprivation remedies were available to him. It is well established that "an unauthorized deprivation of property by a prison official does not violate the Due Process Clause if a meaningful post-deprivation remedy is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff stated in his Objection to the R&R [Doc. No. 7] that he filed request forms and inmate grievances. Plaintiff fails to demonstrate that meaningful post-deprivation remedies were unavailable to him.

Plaintiff also has named Sharon (Doe) in the section of his complaint alleging denial of proper nutrition. However, Plaintiff fails to describe exactly what role Sharon (Doe) played in this alleged deprivation. For the same reasons given for the dismissal of Defendant Sergeant Deal, Plaintiff's claims that Sharon (Doe) deprived him proper nutrition must be dismissed. See Potter v. Clark, 497 F.2d at 1207.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the August 9, 2000 R&R of Magistrate Judge Noel [Doc. No. 5] is **ADOPTED IN ITS ENTIRETY.**

1. Plaintiff's claims against Sgt. Deal and Sharon (Doe) are dismissed pursuant to 28 U.S.C. § 1915(A)(1); and

2. Plaintiff's claims against Defendants Sheriff Frank, Sgt. Heinen, Dan Luke, Sgt. Alhgren, and Sgt. Wanike are allowed to proceed at this time, without prejudice to any defenses that such Defendants may later seek to raise.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2000