UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Darrell Theodore Kind,

Plaintiff,

vs.

Sheriff Frank, Sgt. Heinen, Dan Luke, Sgt. Alhgren and Sgt. Wanike,

Defendants.

Civil No.: 00-1843 ADM/FLN

**ORDER**

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 11, 2000, on Plaintiff's Motion for the Appointment of Counsel [#14].

28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." Id. However, indigent prisoners do not have a constitutional or statutory right to counsel in civil cases; rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Plaintiff alleges that Defendants -- the Washington County Sheriff and various Sheriff's

DEC 15 2000

LOCAL CLERK

Department employees – violated his federal constitutional rights. He claims that Defendants: (1) violated his First Amendment rights by refusing to give him meals that complied with the dietary restrictions of his religion; (2) interfered with his constitutional right of access to the courts by improperly seizing and detaining his "legal mail"; and (3) lost certain items of his personal property.

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Plaintiff. Plaintiff's motion for appointment of counsel will therefore be denied.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for the Appointment of Counsel [#14] is **DENIED**.

Dated: Dec, 14, 2000

Franklin L. Noel
Chief Magistrate Judge