**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Darrell Theodore Kind,

Plaintiff,

v.

Sheriff Frank, Sgt. Heinen, Dan Luke,
Sgt. Alhgren, and Sgt. Wanike,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1843 ADM/FLN

---

Darrell Theodore Kind, *pro se*.

James R. Andreen, Esq., Erstad & Riemer, P.A., Minneapolis, Minnesota, on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Darrell Theodore Kind's Objections [Doc. No. 57] to the January 22, 2002 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel [Doc. No. 55], and Motions for Court Appointed Expert and Production of Documents. In the R&R, Judge Noel recommends granting the Defendants' Motion for Summary Judgment [Doc. No. 37]. For the reasons set forth below, the R&R is adopted in its entirety and Plaintiff's action is dismissed.

## II. BACKGROUND

The factual background for this matter is adequately set forth in the R&R and is incorporated by reference for the purposes of Plaintiff's present objections.

FILED MAR 19 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## III. DISCUSSION

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court is mindful that the pleadings of *pro se* litigants are liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *White v. Bond*, 720 F.2d 1002, 1003 (8th Cir. 1983).

Plaintiff Darrell Theodore Kind ("Plaintiff") brings three claims against Defendants: (1) deprivation of his First Amendment right to religious freedom based on Defendants' failure to provide him a meatless diet; (2) deprivation of his constitutional right of access to the courts; and (3) retaliation after he attempted to assert his constitutional rights while he was confined at the Washington County Jail.

To state a free exercise claim under 42 U.S.C. § 1983, Plaintiff must establish both the existence of a sincerely held religious belief and the infringement upon that belief by

Defendants' action. The R&R properly concluded that Defendants are entitled to qualified immunity with regard to Plaintiff's freedom of religion claim. Qualified immunity protects government officials from liability unless their performance of a discretionary function violated a clearly established constitutional right. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In evaluating the objective legal reasonableness of an official's action, the delineation of the constitutional right alleged to have been violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Qualified immunity protects 'all but the plainly incompetent or those who willingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

A determination of whether Defendants are entitled to qualified immunity involves a two-part analysis. First, it must be determined whether Plaintiff has alleged the violation of a constitutional right. *Manzano v. South Dakota Dept. of Social Servs.*, 60 F.3d 505, 509 (8th Cir. 1995). Plaintiff has alleged a violation of his First Amendment right to religious freedom based on Defendants' failure to provide him a meatless diet. Second, it must be determined that the right was clearly established at the time of the alleged violation, such that Defendants should have known their conduct violated it. *Id.* In light of pre-existing law, the unlawfulness of Defendants' conduct must have been reasonably apparent. *Id.*

Incarcerated persons have the right to be provided with food sufficient to sustain their health and which meets the dietary dictates of their sincerely held religious beliefs. Upon arriving at the Washington County Jail, Plaintiff informed officials that he was a Muslim and

could eat no meat. To understand Plaintiff's dietary restrictions, Defendant Dan Luke engaged in conversations with a representative of the Islamic Center of Minnesota and consulted materials from the Institute of Islamic Information in Chicago, Illinois, and the Department of Islamic Affairs in Washington, D.C. From his inquiries, Defendant Luke learned that Muslims are forbidden to eat pork, but that other types of meat are not banned by Islamic doctrine. *See also Hayes v. Long*, 72 F.3d 70, 74 (8th Cir. 1995) ("Muslim inmates have the right to avoid contact with pork or with any food that has been contaminated by pork"). Accordingly, Plaintiff was offered a special pork-free diet, but he was not offered a diet free from all meat.

The question of qualified immunity involves more than whether or not a particular constitutional right is "clearly established" in the abstract, but asks whether reasonable officials could have believed their actions violated clearly established law given the information available to them at the time. *See Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996). After diligent research, Defendants formed an objectively reasonable belief that they were not violating Plaintiff's constitutional rights by offering him a pork-free diet, but not an entirely meatless diet. Because Plaintiff told Defendants he was a Muslim, Defendants had good reason to believe that the pork-free food provided to Plaintiff met dietary restrictions of his religious beliefs and that they were not violating Plaintiff's constitutional rights. *See DeHart v. Lehman*, 9 F.Supp.2d 539, 543 (E.D. Pa. 1998) (concluding that defendants were entitled to qualified immunity based in part on their "good faith" effort to inform themselves about the dietary requirements of plaintiff's religion). Defendants are entitled to qualified immunity under the circumstances.

Plaintiff also claims he was deprived of his constitutional right of access to the courts.

Plaintiff bases his claim on vague assertions that Defendants interfered with his "legal mail," prevented him from accessing certain legal materials, and denied him sufficient amounts of writing paper. *See* Objections, at 18-20. It is undisputed that Defendants provided Plaintiff with one piece of writing paper at a time. Plaintiff was allowed all the writing paper he requested, but he was not permitted to stockpile large quantities of paper. Plaintiff offers no specific evidence indicating that he failed to prevail in his state district court actions due to lack of paper.

Actual injury or prejudice must be proven to prevail on an access-to-courts claim. *Lewis v. Casey*, 518 U.S. 343 (1996); *Klinger v. Dept. of Corrections*, 107 F.3d 609, 617 (8th Cir. 1997). Plaintiff has failed to identify any specific harm to any particular legal right caused by Defendants' alleged interference with his ability to participate in court proceedings. There are no facts indicating that Plaintiff lost a specific claim in any legal proceeding as a result of Defendants' alleged interference. Plaintiff's vague assertions of harm and conclusory arguments are insufficient to sustain his access-to-courts claim.

Finally, Plaintiff argues that Defendants retaliated against him after he attempted to assert his constitutional rights of freedom of religion and access to the courts. Because a prisoner has no justifiable expectation that he will be incarcerated in any particular prison within a state, prison officials have broad discretion to transfer prisoners and a prisoner may be transferred "for whatever reason or for no reason at all." *Hazen v. Reagen*, 16 F.3d 921, 926 (8th Cir. 1994) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). However, it is impermissible to transfer an inmate solely in retaliation for the exercise of a constitutional right. *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993). Plaintiff must establish that he would not have been transferred

"but for" the retaliatory reason. *Hazen*, 16 F.3d at 926.

The record demonstrates that Plaintiff was disciplined and transferred due to a pattern of misbehavior and repeated violations of the jail's rules of conduct. Plaintiff is unable to demonstrate that "but for" his assertions of his constitutional rights, he would not have been transferred. *See Hazen*, 16 F.3d at 925-26 (finding plaintiff failed to satisfy "but for" test of retaliation claim where prison officials transferred the prisoner based upon a reasonable belief that he was "a troublesome, manipulative inmate"). In his objections, Plaintiff asserts that the Incident Reports of his misconduct are categorically "false." Objections, at 21. However, he does not challenge the legitimacy of any of the reports with specific facts. As the party opposing a motion for summary judgment, Plaintiff may not rest upon mere allegations or denials, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is granted.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Noel's R&R of January 22, 2002 [Doc. No. 55] is **ADOPTED** in its entirety;

(2) Plaintiff's Objections to the R&R [Doc. No. 57] are **DENIED**;

(3) Defendants' Motion for Summary Judgment [Doc. No. 37] is **GRANTED**; and

(4) Plaintiff's Motions for Court Appointed Expert and Production of Documents are **MOOT** and therefore **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: March 19, 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.